1  **WO**                                                                                    KM

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,            )   No. CR 06-1102-PHX-SMM
                                          )
10                Plaintiff/Respondent,   )   No. CV 08-1104-PHX-SMM (MEA)
                                          )
11  v.                                    )   **ORDER**
                                          )
12  Jose Arvizu-Montijo,                  )
                                          )
13                Defendant/Movant.       )
                                          )
14  _____     )

15          Movant Jose Arvizu-Montijo, who is confined in the Federal Correctional Institution-

16  Phoenix, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

17  Sentence by a Person in Federal Custody.  The Court will require a response to the Motion.

18  **I.      Procedural History**

19          Movant plead guilty to and was convicted of Illegal Re-Entry After Deportation in

20  violation of 8 U.S.C. § 1326(a).  Movant was sentenced to a 70-month term of imprisonment

21  to be followed by 3 years on supervised release.

22          Movant's sole ground for relief in the § 2255 Motion is that "counsel rendered

23  ineffective assistance during plea negotiations, sentencing, and on appeal[.]" The Court will

24  require a response to the Motion.

25  **II.     Warnings**

26          **A.      Address Changes**

27          Movant must file and serve a notice of a change of address in accordance with Rule

28

**TERMPSREF**

83.3(d) of the Local Rules of Civil Procedure.  Movant must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.      Copies**

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Movant must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Movant.

**C.      Possible Dismissal**

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The Clerk of Court must deliver copies of the Motion Under 28 U.S.C. § 2255 (Doc. #17 in CR 06-1102-PHX-SMM), and this Order to the United States Attorney for the District of Arizona.

(2)      United States Attorney for the District of Arizona must answer the Motion within 60 days from the date of service.  The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  Cf. Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(3)    Movant may file a reply within 30 days from the date of service of the answer.

(4)    The Motion is referred to Magistrate Judge Mark E. Aspey for further proceedings and report and recommendation.

DATED this 24th day of June, 2008.


Stephen M. McNamee
United States District Judge